FILED
2013 AUG 15 P 1:18
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NATHAN EDGE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LVNV FUNDING LLC and TATE & KIRLIN ASSOCIATES

Defendants.

CASE NO. CA 13- 590 ML

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff, Nathan Edge (hereafter also referred to as "Plaintiff" or "Edge"), brings this action individually and on behalf of a class of all persons similarly situated (hereafter also referred to as "Class") against LVNV FUNDING LLC (hereafter also referred to as "LVNV") and TATE & KIRLIN ASSOCIATES (hereafter also referred to as "TKA") (hereafter LVNV and TKA also referred to collectively as "Defendants") for Defendants' violations of § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act (hereafter also referred to as "FDCPA"). The FDCPA prohibits debt collectors, such as Defendants, from engaging in abusive, deceptive and unfair debt collection practices. The FDCPA further requires debt collectors to provide debtors with certain statutorily required information in the form of notices, disclosures, validations and verifications.

Plaintiff seeks redress in the form of actual damages, statutory damages, attorney fees, costs, injunctive relief, declaratory relief, and such other relief at law or equity as the court may deem just and proper on his own behalf and on behalf of the identified Class against Defendants. Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information

and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

**INTRODUCTION**

1. Plaintiff alleges that Defendants are debt collectors who, through debt collection letters (hereafter also referred to as "dunning letters"), attempted to collect alleged defaulted consumer credit card debt owed to the original credit card creditor GE Capital (hereafter also referred to as "Debt") from Plaintiff and the Class by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the Debt or permitted by law.

**PURPOSE AND REACH OF THE FDCPA**

2. Congress found abundant evidence of "abusive, deceptive, and unfair debt collection practices by debt collectors" and enacted the FDCPA to eliminate such practices and to protect consumers against such abusive, deceptive and unfair debt collection practices.

3. The FDCPA is a comprehensive statute, which prohibits broad categories of abusive, deceptive and unfair debt collection activities by debt collectors, as well as enumerating several specific actions that debt collectors are prohibited from taking.

4. One of the FDCPA's broad categories of prohibitions is found in 15 U.S.C. § 1692e of the FDCPA which provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Specifically, 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits debt collectors from engaging in "falsely representing the character, amount, or legal status of any debt", 15 U.S.C. § 1692e(5) of the FDCPA prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken", 15 U.S.C. § 1692e(8) of the FDCPA prohibits debt collectors from communicating "to any person credit information which is known or which should be known to be false", and 15 U.S.C. § 1692e(10) of the FDCPA prohibits debt collectors

from using "any false representation or deceptive means to collect or attempt to collect any debt."

5. Another of the FDCPA's broad categories of prohibitions is found in 15 U.S.C. § 1692f of the FDCPA which provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Specifically, 15 U.S.C. § 1692f(1) of the FDCPA prohibits debt collectors from attempting to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

6. The FDCPA is a strict liability statute, where a consumer does not need to show intentional conduct by a debt collector in order for debt collector liability to arise.

7. The FDCPA is construed liberally in favor of the consumer and is usually interpreted by Courts in accordance with the "least sophisticated" consumer standard.

8. The FDCPA imposes civil liability on any person or entity that violates its provisions and as such any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages, statutory damages, attorney fees and costs. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction over the federal claims herein. Subject matter jurisdiction also arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

10. Venue for this action properly lies in this District pursuant to 28 U.S.C. §

1391(b) as the named Plaintiff resides in this District and Defendants have engaged in the conduct complained of in this District.

## PARTIES

11. Plaintiff, Nathan Edge, is a natural person who at all relevant times relating to the allegations in this class action complaint resided in the State of Rhode Island.

12. LVNV is a Delaware limited liability company.

13. TKA is a Pennsylvania corporation.

## APPLICATION OF THE FDCPA

14. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

15. Plaintiff incurred consumer credit card Debt to GE Capital by using a credit card to purchase goods and/or services primarily for family, personal or household purposes. Plaintiff's Debt concerns an obligation or alleged obligation of a consumer to pay money arising out of transactions in which the money that is the subject of the transactions were primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined in 15 U.S.C. § 1692a(5) of the FDCPA.

16. Defendants are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA. Defendants are entities that in the ordinary course of business, regularly collect or attempt to collect, directly or indirectly, consumer debts owed or purported to be owed by consumers to others. Defendants regularly use the mails to collect the debts.

17. Defendants attempted to collect the Debt from the Plaintiff through dunning letters and as such engaged in "communications" as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

18. Defendants have acted and continue to act in the business of a debt collector by regularly attempting to collect allegedly defaulted consumer debt from consumers who allegedly owe credit card debt to creditors.

19. Defendants are debt collectors who, through dunning letters, unlawfully attempted to collect the Debt from Plaintiff by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the Debt or permitted by law.

20. On information and belief, the dunning letters Defendants sent to Plaintiff were form letters which Defendants routinely sent to consumers in Rhode Island.

21. On information and belief, Defendants' dunning letters were part of a standardized process of collection activities that Defendants' initiate against consumers to collect consumer debts.

22. On information and belief, it was the Defendants' standard business practice to add, in its dunning letters sent to consumers, an unauthorized amount of money that was not expressly authorized by the agreement creating the Debt or permitted by law.

## NATURE OF ACTION

23. Plaintiff challenges Defendants' pursuit of its debt collection activities through its routine and unlawful attempt to collect an unauthorized amount of money on alleged defaulted consumer credit card debt of accounts formerly held by the original creditor, GE Capital, an amount of money that was not expressly authorized by the agreement creating the Debt or permitted by law.

24. LVNV often purchases, or claims to purchase, or otherwise obtains credit card debts from banks months or years after the original credit card bank has charged-off the debts and regularly collects and attempts to collect such defaulted credit card debts.

25. Defendants regularly collect and attempt to collect defaulted charged-off credit card debts.

26. Charge-off means that a creditor bank no longer carries the credit card account receivable on the credit card bank's books as an asset. Under federal regulations, a credit card bank must charge-off a credit card receivable after it has been delinquent for 180 days. See Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 Federal Register 36903-36906 (June 12, 2000).

27. Effective February 22, 2010, Regulation Z, which is a regulation issued by the Board of Governors of the Federal Reserve System to implement the federal Truth in Lending Act (15 U.S.C. § 1601 *et seq.*), was amended to require that, after the credit card issuer either deems the debt uncollectible, or delinquency collection proceedings have been instituted, or the account has been charged-off, a credit card issuer must send periodic statements on all accounts, including defaulted accounts, for any period during which fees and/or interest are added to the debt. See 12 C.F.R. § 226.5(b)(2)(i), which states that: "A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law."

28. Defendants engage in a practice of attempting to collect from Plaintiff and the Class an amount of money on alleged defaulted consumer credit card debt during a time period when GE Capital credit card did not send the Plaintiff and the Class periodic credit card statements.

29. Defendants knew or should have known that they had no legal right to attempt to

collect the debt with the addition of any unauthorized amount of money on alleged defaulted consumer credit card debt imposed during a time period after GE Capital bank credit card company charged-off Plaintiff and the Class' credit card account and did not sent periodic credit card statements to Plaintiff and the Class.

30. Defendants are debt collectors whose actions alleged in the complaint constitute abusive, deceptive, unfair and unconscionable debt collection practices in violation of provisions of the FDCPA which prohibit debt collectors, such as Defendants, from using "any false, deceptive or misleading representations or means in connection with the collection of any debt," 15 U.S.C. § 1692e and provisions of the FDCPA which prohibit debt collectors, such as Defendants, from using "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

31. Defendants have acted and continue to act in the business of a debt collector by regularly attempting to collect purchased defaulted credit card debt against consumers who allegedly owe credit card debt to creditors.

32. Defendants routinely engage in the addition of an amount of money against consumers for credit card debt originally owed to GE Capital in its attempt to collect such Debt.

**PLAINTIFF'S EXPERIENCE**

33. In or about August, 2005, Plaintiff opened a credit card account with GE Capital.

34. Plaintiff incurred consumer credit card Debt to GE Capital relating to consumer purchases primarily for family, personal or household purposes.

35. In or about November 2007, GE Capital charged-off the Debt that Plaintiff allegedly owed to GE Capital.

36. Since in or about December 2007, Plaintiff has not received any credit card periodic statements from GE Capital.

37. On information and belief, GE Capital stopped charging interest, late charges and other charges on the account by at least in or about December 2007.

38. GE Capital waived its right to charge and collect post charge-off interest, late charges and other charges on the account by at least in or about December 2007.

39. On August 15, 2012, Defendants mailed a dunning letter to Plaintiff seeking to recover the Debt now allegedly owed to LVNV, which Debt was originally owed to the original creditor GE Capital (August 15, 2012 dunning letter attached as Exhibit "A").

40. The amount of the Debt as indicated in the August 15, 2012 dunning letter was $ 642.60.

41. Plaintiff has not incurred any debt and has not made any payments on the GE Capital account since in or about August of 2006.

42. GE Capital reported the Debt to Experian, a credit reporting agency, in or about December of 2007 as written off in the amount of $348.00.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of himself and a Class and of all persons similarly situated pursuant to Fed. R. Civ. P. 23 as defined as follows:

**CLASS:**

All persons, with addresses in the State of Rhode Island, who were allegedly in default on their GE Capital bank credit card account, and whose GE Capital bank credit card account was in charge-off status, and who were contacted by Defendants in an attempt to collect such debt with the addition of an amount of money that was not authorized by the agreement creating the debt or permitted by law, during a time period when such persons did not receive periodic credit card statements from GE Capital bank credit card, within one year prior to the filing of the

complaint in this action.

44. Excluded from the Class are Defendants; any parent, subsidiary, or affiliate of Defendants or any employees, officers, or directors of Defendants; legal representatives, successors, or assigns of Defendants; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

45. **Numerosity.** Upon information and belief, the Class is numerous and dispersed such that joinder of all members is impracticable. The exact number of Class members is unknown, but can be determined from, including but not limited to, Defendants' computerized and other records..

46. **Commonality.** There are questions of law and fact that are common to all members of the Class which questions predominate over any question affecting only an individual Class member. The members of the Class were and continue to be subjected to the same practices of the Defendants. The common questions and principal common issues raised by Plaintiff's claims include:

a. whether Defendants are debt collectors pursuant to the FDCPA;

b. whether Plaintiff is a consumer pursuant to the FDCPA;

c. whether Defendants routinely claim the right to add to alleged defaulted credit card debt an amount of money that was not authorized by the agreement creating the debt or permitted by law;

d. whether Plaintiff and the Class have been damaged as a result of the alleged violation of the FDCPA, and if so what is the appropriate damage relief for Defendants' violations;

e. the nature and extent of any other remedies and injunctive relief, to which Plaintiff and the Class members are entitled.

47. **Typicality.** Plaintiff's claims are typical of the claims of all of the other Class members, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendants.

48. **Adequacy.** Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of the action and in the administration of all matters relating to the claim stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class he seeks to represent. Plaintiff has retained counsel experienced in handling class action lawsuits. Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue the action.

49. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the Class is impracticable. Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendants have subjected the entire Class to the same violations of the FDCPA. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' uniform violations of the FDCPA predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of the action as a class action. Defendants have acted and continue to act in a manner that is generally applicable to all members of the Class making final injunctive relief appropriate.

## CAUSES OF ACTION

**Violation of the FDCPA, 15 U.S.C. § 1692e**

50. Plaintiff, on behalf of himself and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

51. A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; a "threat to take any action that cannot legally be taken or that is not intended to be taken"; communications "to any person credit information which is known or which should be known to be false"; and, any "false representation or deceptive means to collect or attempt to collect any debt.

52. Specifically, in connection with Defendants' actions in its attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e of the FDCPA.

53. A debt collector violates 15 U.S.C. § 1692e(2)(A) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "falsely representing the character, amount, or legal status of any debt."

54. Specifically, in connection with Defendants' actions in its attempts to collect, through dunning letters, alleged defaulted consumer credit card debt from Plaintiff and the Class

by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants falsely represented the debt's character, amount, or legal status in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

55. A debt collector violates 15 U.S.C. § 1692e(5) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt, including a "threat to take any action that cannot legally be taken or that is not intended to be taken."

56. Specifically, in connection with Defendants' actions in its attempts to collect, through dunning letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants' actions constituted a "threat to take any action that cannot legally be taken or that is not intended to be taken."

57. A debt collector violates 15 U.S.C. § 1692e(8) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including communicating "to any person credit information which is known or which should be known to be false."

58. Specifically, in connection with Defendants' actions in its attempts to collect, through dunning letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants communicated "to any person credit information which is known or which should be known to be false" in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

59. A debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA if the debt

collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "any false representation or deceptive means to collect or attempt to collect any debt."

60. Specifically, in connection with Defendants' actions in its attempts to collect, through dunning letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants' actions constituted the use of "any false representation or deceptive means to collect or attempt to collect any debt." in violation of 15 U.S.C. § 1692e(10) of the FDCPA. Defendants used false representations and/or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

61. Defendants' routine practice of attempting to collect, through dunning letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10) of the FDCPA.

**Violation of the FDCPA, 15 U.S.C. § 1692f**

62. Plaintiff, on behalf of himself and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

63. A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the

debt or permitted by law."

64. Specifically, in connection with Defendants' actions in its attempts to collect, through dunning letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants used "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f of the FDCPA.

65. A debt collector violates 15 U.S.C. § 1692f(1) of the FDCPA if the debt collector engages in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

66. Specifically, in connection with Defendants' actions in its attempts to collect, through dunning letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants engaged in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) of the FDCPA.

67. Defendants' routine practice of attempting to collect, through dunning letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, violates 15 U.S.C. §§ 1629f and 1692f(1) of the FDCPA.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Edge, on behalf of himself and the Class request the following

relief:

1. An order certifying that the action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative of the Class, and that Plaintiff's counsel be appointed Class Counsel;
2. Actual damages;
3. Statutory damages;
4. An injunction preventing Defendants from continuing the unlawful conduct alleged herein;
5. Declaratory relief;
6. An award of reasonable attorneys' fees and costs; and
7. Such other relief at law or equity as the court may deem just and proper.

DATED: August 15, 2013

Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401-831-7730 (telephone)
401-861-6064 (facsimile)
E-Mail: pnwlaw@aol.com