# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

NATHAN EDGE, INDIVIDUALLY, AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

        Plaintiff,

vs.

LVNV FUNDING, LLC, AND TATE &
KIRLIN ASSOCIATES

        Defendants.

CIVIL ACTION NO.  1:13-CV-00590-M

## ANSWER OF LVNV FUNDING, LLC

The defendant, LVNV FUNDING, LLC ("LVNV") ( "the Defendant") hereby responds to the plaintiff, Nathan Edge's ("the Plaintiff") Class Action Complaint ("Complaint") as follows:

The introductory paragraphs of the Complaint require no answer as they merely purport to describe the causes of action.  To the extent an answer is required, the Defendant denies the allegations set forth in the introductory paragraphs of Plaintiff's Complaint.

## INTRODUCTION

1. The introductory paragraphs of the Complaint require no answer as they merely purport to describe the causes of action.  To the extent an answer is required, the Defendant denies the allegations set forth in the introductory paragraphs of Plaintiff's Complaint.

## PURPOSE AND REACH OF THE FDCPA

2. The Congressional record and the text of the Fair Debt Collection Practices Act ("FDCPA") are written documents, the terms of which speak for themselves, and the Defendant denies all allegations inconsistent with the Congressional record or the text of the FDCPA.

3. Paragraph 3 states a conclusions of law to which no response is required, and is otherwise denied.

4. The text of the FDCPA is a written document, the terms of which speak for itself, and the Defendant denies all allegations inconsistent with the text of the FDCPA.

5. The text of the FDCPA is a written document, the terms of which speak for itself, and the Defendant denies all allegations inconsistent with the text of the FDCPA.

6. Paragraph 6 of the Complaint states conclusions of law to which no response is required, and are otherwise denied.

7. Paragraph 7 of the Complaint states conclusions of law to which no response is required, and are otherwise denied.

8. Paragraph 8 of the Complaint states conclusions of law to which no response is required, and are otherwise denied.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint states conclusions of law to which no response is required. The Defendant denies that this Court has jurisdiction insofar as Plaintiff has not suffered an injury in fact and lack standing to assert the claims made herein.

10. Paragraph 10 of the Complaint states conclusions of law to which no response is required. The Defendant is not challenging venue for this action.

## PARTIES

11. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. The Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

## APPLICATION OF THE FDCPA

14. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. The Defendant admits that the plaintiff incurred a financial obligation to GE Capital. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint.

16. The Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. The Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The Defendant denies the allegations contained in paragraph 18 of the Complaint directed.

19. The Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. The Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. The Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. The Defendant denies the allegations contained in paragraph 22 of the Complaint.

## NATURE OF ACTION

23. The Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. The Defendant admits that it sometimes obtains credit card accounts from banks months or years after the original credit card account was charged off. The Defendant denies the remaining allegations contained in paragraph 24.

25. The Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states conclusions of law to which no response is required, and is otherwise denied.

27. Paragraph 27 of the Complaint states conclusions of law to which no response is required.

28. The Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The Defendant admits that, from time to time, accounts owned by LVNV include additional money which was added to the account after GE Capital sold or assigned the account. The Defendant denies the remaining allegations contained in paragraph 32 of the Complaint.

## PLAINTIFF'S EXPERIENCE

33. The Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. The Defendant lacks sufficient information or knowledge to either admit or deny the allegations contained in paragraph 34 of the Complaint.

35. The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 35 of the Complaint.

36. The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 36 of the Complaint.

130678051 0949795

37.     The Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     The Defendant denies the allegations contained in paragraph 38 of the Compliant.

39.     The Defendant denies that it mailed the correspondence attached as Exhibit A to Plaintiff on August 15, 2012.  The Defendant admits that the Account referenced in Exhibit A was owned by LVNV at the time of the letter, and was originally owned by GE Capital.  The Defendant denies all other allegations contained in paragraph 39 of the Complaint.

40.     The correspondence attached as Exhibit A speaks for itself, and the Defendant denies allegations inconsistent with the terms of that correspondence.

41.     The Defendant admits that Plaintiff has not made any payments on the account since prior to August, 2006.  The Defendant denies the remaining allegations contained in paragraph 41 of the Complaint.

42.     The Defendant lacks knowledge or information sufficient to either admit or deny the allegations contained in paragraph 42 of the Complaint.

## CLASS ACTION ALLEGATIONS

43.     The Defendant admits that the Plaintiff has brought this action on behalf of himself and a putative class and subclass, but denies that such a putative class or subclass exist and denies such a class can be certified.  The Defendant denies the remaining allegations contained in paragraph 43 of the Complaint.

44.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.     The Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     The Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     The Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     The Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     The Defendant denies the allegations contained in paragraph 49 of the Complaint

## CAUSES OF ACTION

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e

50.     The Defendant hereby repeats and incorporates by reference its responses to the allegations contained in all preceding paragraphs of the Complaint as if fully set forth herein.

51.     Paragraph 51 of the Complaint states conclusions of law to which no response is required, and is otherwise denied.

130678051 0949795

52. The Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint states conclusions of law to which no response is required, and is otherwise denied.

54. The Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint states conclusions of law to which no response is required, and is otherwise denied.

56. The Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint states conclusions of law to which no response is required, and is otherwise denied.

58. The Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint states conclusions of law to which no response is required, and is otherwise denied.

60. The Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. The Defendant denies the allegations contained in paragraph 61 of the Complaint.

## CAUSES OF ACTION

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692f

62. The Defendant hereby repeats and incorporates by reference its responses to the allegations contained in all preceding paragraphs of the Complaint as if fully set forth herein.

63. Paragraph 63 of the Complaint states conclusions of law to which no response is required, and is otherwise denied.

64. The Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint states conclusions of law to which no response is required, and is otherwise denied.

66. The Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. The Defendant denies the allegations contained in paragraph 67 of the Complaint.

WHEREFORE, LVNV FUNDING, LLC requests that Plaintiff's Class Action Complaint be dismissed with prejudice, for their attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

130678051 0949795

## AFFIRMATIVE DEFENSES

1. Any communication or conduct which allegedly violated the Fair Debt Collection Practices Act was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2. The Plaintiff's claims are barred by the doctrine of waiver, estoppel and/or unclean hands.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Plaintiff's claims are barred by the statute of limitations.

5. The Plaintiff lacks standing.

## JURY TRIAL

The Defendants request a jury trial on all matters so triable.

Respectfully submitted,

LVNV FUNDING LLC

By its Attorney,

*/s/ Ranen S. Schechner*
Ranen S. Schechner (No. 6943)
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903
Tel: 401-751-0842
Fax: 401-273-8543
Email: rschechner@hinshawlaw.com

Date: October 28, 2013

130678051 0949795

## **CERTIFICATE OF SERVICE**

  I, Ranen S. Schechner, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

              */s/ Ranen S. Schechner*
              Ranen Schechner

130678051 0949795